No error.
This is an action to recover of the defendant damages for the breach of his contract to sell and convey to the plaintiff certain real and personal property, described in the contract, which is in writing. *Page 854 
On 8 November, 1934, the defendant entered into a contract with the plaintiff by which he agreed to sell and convey to the plaintiff, or to such person or persons as the plaintiff might direct, certain real and personal property described in the contract, provided the plaintiff, on or before 18 November, 1934, should exercise his option to purchase said property and pay the purchase price for the same.
Thereafter, on or about 12 November, 1934, at the request of the plaintiff, the defendant agreed to extend the time within which the plaintiff might exercise his option to purchase said property, and pay said purchase price.
The plaintiff alleges that the defendant agreed to extend such time to 28 November, 1934, and authorized plaintiff to change the contract accordingly. This allegation is denied by the defendant, who alleges that he agreed to extend such time only to 24 November, 1934.
The date on or before which the plaintiff was required to exercise his option and to pay the purchase price, as shown in the contract offered in evidence, is 28 November, 1934.
The issues submitted to the jury were answered as follows:
"1. Did the defendant J. F. Dunn authorize the plaintiff J. Marvin Rochelle to change the expiration date of the option contract referred to in the pleadings from 18 November, 1934, to 28 November, 1934, as alleged by the plaintiff? Answer: `Yes.'
"2. If so, did the plaintiff comply with the terms of the said contract, and make payment, or offer to make payment, to the defendant of the sum of $4,200, as stipulated therein? Answer: `Yes.'
"3. If so, did the defendant fail and refuse to accept said payment and to comply with the terms of said contract, as alleged in the complaint? Answer: `Yes.'
"4. If so, what damages, if any, is the plaintiff entitled to recover of the defendant by reason of such breach of contract? Answer: `$1,000.'"
From judgment that plaintiff recover of the defendant the sum of $1,000, and the costs of the action, the defendant appealed to the Supreme Court, assigning errors, as appear in the record.
We find no error in the trial of this action.
The chief controversy between the parties was with respect to the first issue. There was evidence tending to support plaintiff's contentions with respect to the answer to this issue. All the evidence showed that plaintiff complied with the contract, as found by the jury, and that *Page 855 
defendant breached the contract, as alleged in the complaint. There was evidence tending to show that the market value of the property at the time of the breach of the contract by the defendant exceeded the contract price by at least the sum of $1,000.
The judgment is affirmed.
No error.
DEVIN, J., took no part in the consideration or decision of this case.